**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| IRENE NEAL,<br><br>          Appellant,<br><br>v.<br><br>MOUNTAIN TRUCKING CO. INC. dba<br>MOUNTAIN MOVING & STORAGE,<br><br>          Respondent. | No. 59803-5-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, J. – Irene Neal appeals the trial court's dismissal of her request for a trial de novo following the mandatory arbitration of her claims against Mountain Trucking Co. The dismissal was based on Neal's failure to sign the request for a trial de novo as required under RCW 7.06.050(1) and Superior Court Civil Arbitration Rule (SCCAR) 7.1(b).

Neal argues that the trial court erred in dismissing her request for a trial de novo because (1) the arbitrator failed to properly file in the superior court a certification mandated by RCW 7.06.040(2)(a) that he had complied with the legal education requirements in that section, and (2) the arbitrator was improperly appointed by an administrative court official instead of the superior court itself.

We confirm that the only way to appeal from an adverse arbitration award is through the trial de novo process. Because Neal did not strictly comply with the requirements for a de novo

trial request, we hold that she cannot challenge the validity of the arbitration award. Accordingly, we affirm the trial court's dismissal of Neal's request for a trial de novo.

FACTS

*Background*

Neal contracted with Mountain Trucking to move, store, and deliver her property to a new home in Vancouver, Washington. In February 2022, Neal sued Mountain Trucking for breach of contract, conversion, negligence, and negligent infliction of emotional distress for allegedly losing and damaging some of her property. Neal filed a statement of arbitrability.

The parties received a list of proposed arbitrators, and each party was allowed to reject three. Kurt Peterson was appointed by the Clark County arbitration coordinator to hear the case. Peterson filed a sealed arbitration award with the superior court on March 4, 2024. Neal filed a request for a trial de novo on March 6. However, Neal did not personally sign the request.

On April 9, Mountain Trucking filed a motion to dismiss Neal's request for a trial de novo and noted the motion for April 26. Mountain Trucking argued the request was invalid because Neal did not personally sign the request as required by RCW 7.06.050(1).

On April 15 – 42 days after the arbitration award was filed – Neal filed an amended request for a trial de novo with her personal signature. Neal then filed an opposition to Mountain Trucking's motion to dismiss. She argued that various alleged deficiencies regarding the arbitration meant the 20 day window to request a de novo trial had not yet begun. Relevant here, she argued that the record did not show that Peterson had filed an affidavit or declaration with the superior court showing he had completed required continuing legal education in compliance with RCW 7.06.040(2)(a). Neal also argued that the arbitrator was not appointed by a judicial officer.

The trial court granted Mountain Trucking's motion to dismiss Neal's request for a trial de novo. The court based its ruling on the undisputed fact that Neal did not sign the request for a trial de novo. The court stated that the "potential irregularities with the appointment of the arbitrator" were not properly before it. Rep. of Proc. at 9.

Neal moved for reconsideration. In support of her motion, Neal attached documents she had received pursuant to a public records request made to the Clark County arbitration department. Included was an Arbitration Information Sheet and Oath, in which Peterson certified that he had "completed a minimum of three credits of Washington State Bar Association approved continuing legal education credits on the professional and ethical consideration for serving as an arbitrator" as required in RCW 7.06.040(2)(a). Clerk's Papers (CP) at 137. The information sheet and oath was marked with a handwritten notation "2/25/23 approved" and initials, but it did not have a stamp showing that it had been filed with the superior court. CP at 137.

Neal argued that Peterson failed to "file" his certification as required under RCW 7.06.040(2)(a), and therefore he had no authority to act as an arbitrator. She also argued that arbitrators are required to be appointed by the superior court, and therefore the arbitration coordinator lacked the authority to appoint arbitrators.

The trial court denied Neal's motion for reconsideration. The court noted that the documents that Neal submitted showed that Peterson had completed the required continuing legal education credits. In addition, the court stated that under local rules, a person could not be proposed as a potential arbitrator unless the superior court had approved them. Finally, the court stated that any disputes regarding the arbitrator were required to be brought before the arbitration began, not after the arbitrator's decision.

ANALYSIS

A.    FAILURE TO COMPLY WITH RCW 7.06.050(1)

Under RCW 7.06.050(1), once an arbitration award has been filed an aggrieved party has 20 days to file a notice of appeal and a request for a trial de novo. RCW 7.06.050(1) further states, "The notice must be signed by the party." The same requirement is stated in SCCAR 7.1(b). The law is clear that the failure to comply with this requirement invalidates a trial de novo request. *Crossroads Mgmt., LLC v. Ridgway*, 2 Wn.3d 528, 542, 540 P.3d 82 (2023). And a party must strictly comply with the requirements of RCW 7.06.050(1). *Id*. at 539, 542.

Here, it is undisputed that Neal did not personally sign the request for a trial de novo until after the 20 day deadline had expired. Therefore, the request for a trial de novo is invalid unless Neal can raise her arguments on appeal and those arguments have merit.

B.    VALIDITY OF ARBITRATION AWARD

Neal argues that the 20 day period to file a request for a trial de novo never started because (1) Peterson lacked authority to issue the arbitration award because he did not "file" his certification that he complied with the continuing legal education requirements of RCW 7.06.040(2)(a), and (2) the arbitration coordinator did not have the authority to appoint Peterson as the arbitrator in this case. We hold that Neal lost her ability to appeal alleged procedural errors regarding the arbitration award by failing to file a valid request for a trial de novo.

The Supreme Court in *Crossroads Management* held that "the sole means to appeal from an adverse arbitration award is through the trial de novo process." 2 Wn.3d at 545. Neal's request for a trial de novo was invalid under RCW 7.06.050(1). Therefore, we hold that she lost her ability to appeal the arbitration award.

The court in *Crossroads Management* noted that in addition to a request for a trial de novo, a party can "move to vacate a judgment on an arbitration award if they otherwise meet the CR 60 criteria." *Id.* However, Neal does not argue on appeal that she is entitled to relief under CR 60.

Of course, Neal could have raised her arguments about the qualifications of the arbitrator and the authority of the arbitration coordinator before the arbitration took place and she received an adverse award. But she did not. We agree with the trial court that challenges regarding the arbitrator or the arbitration process ordinarily should be brought before the arbitration hearing. We also acknowledge that these challenges can be raised in a valid request for a trial de novo. But Neal did not file a valid request for a trial de novo.

Neal argues that the alleged procedural errors with the appointment and certification of Peterson meant that the 20 day deadline to request a de novo trial never started. Therefore, her amended request for a trial de novo was not untimely. But she cites no authority for the proposition that the alleged invalidity of an arbitration award stays the deadline for filing a request for a trial de novo. The only method for challenging the validity of an arbitration award is through the trial de novo process. *See Crossroads Mgmt.*, 2 Wn.3d at 545.

We hold that Neal cannot appeal the alleged procedural errors regarding the arbitration award.

C.      ATTORNEY FEES ON APPEAL

Mountain Trucking requests attorney fees on appeal under RAP 18.1(a), which permits reasonable attorney fees if granted under applicable law. SCCAR 7.3. states that courts "shall assess cost and reasonable attorney fees" against a party that appeals an arbitration award and fails to improve their position. Attorney fees on appeal are proper under SCCAR 7.3 when a

party fails to improve their position "due to a procedural defect in requesting a trial de novo." *Butler v. Finneran*, 22 Wn. App. 2d 763, 771-72, 516 P.3d 395 (2022).

Neal failed to improve her position due to a procedural defect in requesting a trial de novo. Accordingly, we award Mountain Trucking its reasonable attorney fees on appeal.

CONCLUSION

We affirm the dismissal of Neal's request for trial de novo.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
CRUSER, C.J.

_____
VELJACIC, J.